UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-22945-CIV-MARTINEZ-BROWN

GREAT LAKES REINSURANCE (UK) PLC,

    Plaintiff,

vs.

WPC MARINE, INC., et al.,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT WILFREDO PARET, AND DISMISSING DEFENDANT WILFREDO PARET'S COUNTERCLAIM WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (D.E. No. 63) and *sua sponte* review of the record. After careful consideration and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is granted in part and denied in part, the claims asserted against Defendant Wilfredo Paret are dismissed without prejudice, and Defendant Wilfredo Paret's counterclaim is dismissed without prejudice.

**I. Relevant Factual and Procedural Background**

Plaintiff Great Lakes Reinsurance (UK) PLC ("Plaintiff" or "Great Lakes") filed a Complaint for Declaratory Judgment against Defendants WPC Marine, Inc. ("WPC"), Wilfredo Paret ("Paret"), and Bank of America. In this Complaint, Plaintiff asked the Court to determine the rights of the parties under a contract of marine insurance. The following facts are undisputed.

Plaintiff issued a policy of marine insurance, policy number 200/658/99927, from September 14, 2007 until September 14, 2008 in the amount of $800,000 on a 1998 55 ft Ferretti

motor yacht to WPC.  (D.E. No. 64-3); (D.E. No. 76-1 at 4).  Plaintiff issued these policies in reliance on two applications bearing "the purported signature of Wilfredo Paret" (D.E. No. 76-1 at 6); *see also* (D.E. Nos.64-1 & 64-2).  Both applications list Defendant Bank of America as a loss-payee.  (D.E. No. 64-1 at 2); (D.E. No. 64-2 at 2).  The policy schedule also lists Bank of America as a loss-payee.  (D.E. No. 64-3 at 3).

Plaintiff alleges that on June 28, 2008, Paret claimed via his broker that the insured yacht had disappeared and was believed to have been stolen.  (D.E. No. 1 at 4).  Plaintiff alleges that Defendants have made "demands for payment" under the policy.  (D.E. No. 1 at 8).  Plaintiff has filed suit seeking a judgment (1) declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendants, (2) declaring that Plaintiff's policy does not afford coverage to the Defendants for the alleged theft or disappearance of the vessel, (3) declaring that Plaintiff's policy excludes coverage to Defendants for the alleged theft or disappearance, (4) declaring that Defendants' misrepresentations or failure to disclose material facts in applying for the policy voids the policy or allows Plaintiff to rescind the policy, (5) declaring that fradulent misrepresentations or non-disclosures void Plaintiff's policy, and (6) declaring that Defendant Bank of America is a simple loss payee under the terms of the policy.  (D.E. No. 1 at 33-34).

WPC and Paret both filed a counterclaim against Plaintiff for breach of contract based on Plaintiff's failure to pay them for their loss of the yacht under the policy.  (D.E. No. 6 at 8). Bank of America also filed a counterclaim against Plaintiff, alleging that it has been damaged by Plaintiff's breach of the insurance contract.  (D.E. No. 17 at 13-14).  Bank of America filed a crossclaim against WPC and Paret, arguing that Paret and WPC defaulted under and breached the Retail Loan Agreement they had with Bank of America.  (D.E. No. 17 at 14-17).

The Court has entered a final default judgment against WPC on Plaintiff's claim and Bank of America's crossclaim, and dismissed WPC's counterclaim against Plaintiff without prejudice. (D.E. Nos. 80, 91 & 103). Plaintiff filed a motion for summary judgment seeking summary judgment against Defendants Paret and Bank of America. (D.E. Nos. 63 & 65). Defendant Paret has never responded to this motion, and Bank of America responded stating only that it did not oppose the relief sought in Plaintiff's Motion for Summary Judgment. (D.E. No. 100).

The Court also entered an Order on Default Final Judgment Procedure as to Defendant Paret. (D.E. No. 104). This Order was based on Defendant Paret's failure to comply with the Court's previous order, entered after the Court allowed his counsel to withdraw from the case. Id; *see also* (D.E. Nos. 45 & 54). Specifically, Paret failed to file a Notice of Intent to Proceed Pro Se or to have new counsel file a Notice of Appearance. The Court required Plaintiff and Crossclaimant Bank of America to submit motions for default final judgment as to Paret, any supporting documentation necessary to determine damages, and a proposed final default judgment on or before October 22, 2009. (D.E. No. 104 at 2). The Court also stated that "[i]f Plaintiff or Crossclaimant fails to file a Motion for Entry of Default Final Judgment within the specified time that party's claims will be immediately dismissed without prejudice." *Id*. at 2. Neither Plaintiff nor Bank of America has ever complied with the Court's Order and filed motions for default final judgment as to Paret. Plaintiff instead filed a response to the Court's Order on Default Judgment Procedure stating that "rather than a Default Final Judgment, Plaintiff is entitled to an award of complete summary judgment . . . as against Bank of American [sic] . . [and] against Wilfredo Paret." (D.E. No. 105 at 3).

In its Order on Default Judgment Procedure, the Court also cautioned Paret that if he continued to fail to comply with the Court's previous orders and did not file a Notice of Intent to Proceed Pro Se or have new counsel file a Notice of Appearance on or before October 21, 2009, his counterclaim against Plaintiff would be dismissed without prejudice. (D.E. No. 104 at 2). Paret has never complied with the Court's order. The Court first considers Plaintiff's motion for summary judgment and next addresses the parties' failure to comply with the Court's Order on Default Judgment Procedure.

## II.  Plaintiff's Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment seeking summary judgment on its claims for declaratory judgment against Defendants Paret and Bank of America. Specifically, Plaintiff seeks summary judgment against Defendant Paret, arguing that no genuine issues of material fact exist that Defendant Paret "misrepresented his experience in the ownership and the operation of vessels" in the "applications bearing his signature," which were relied upon in the issuance of the marine policy and render such policy void. (D.E. No. 65 at 7, 9).[1] Plaintiff seeks summary judgment against Defendant Bank of America, arguing that there are no genuine issues of material fact that Bank of America "is nothing more than a simple loss payee, with no greater right under the policy as those enjoyed by Paret or WPC . . . ." (D.E. No. 65 at 7). After careful consideration, the Court grants in part and denies in part Plaintiff's motion.

### A.  Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions,

---

[1] Plaintiff's Motion for Summary Judgment is based only on one of the listed grounds in its Complaint. (D.E. No. 65 at 8); *see also* (D.E. No. 1).

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586.  It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248.  In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party.  *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment.  *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991).  The moving party  "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438

(quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

In addition, the Eleventh Circuit has clearly stated that granting a motion for summary judgment by default is inappropriate. *See Tr. of Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Employers v. Wolf Crane Serv.*, 374 F. 3d 1035, 1039-40 (11th Cir. 2004) (stating that "summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment" and noting that in order to grant summary judgment a court must consider the merits of the motion).

**B.     Summary Judgment Against Paret**

First, the Court finds that the motion for summary judgment against Paret should be denied. Plaintiff argues that summary judgment against Paret is appropriate because it argues that no genuine issues of material fact exist that Paret misrepresented his experience in the ownership and operation of vessels. In support of this argument, Plaintiff has submitted the affidavit of Beric Anthony Usher, the managing director for T.L. Dallas, Ltd., which wrote policies on behalf of Plaintiff during the relevant time period that the policy at issue was applied for and issued. (D.E. No. 76-1 at 1). In this affidavit, Usher states that he has had "occasion to review . . . the recorded Statement Under Oath provided by the Defendant Wilfredo Paret on September 16, 2008." *Id*. at 2. Usher also sates that in his statement Paret admitted that despite the statements in his applications for insurance to the contrary he had never owned a vessel of any kind and had no prior experience in the operation of any kind of vessel. *Id*. at 8. The Court, however, cannot rely on Usher's recollection of Paret's "recorded statement," which he reviewed as a basis for the entry of summary judgment.

Federal Rule of Civil Procedure 56(e) provides in relevant part that:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

Here, Usher's affidavit with respect to the "recorded statement" violates Rule 56(e). First, it is not based on personal knowledge as Usher states that he simply reviewed Paret's statement. *See* (D.E. No. 76-1 at 2). In addition, Paret's "recorded statement" itself has never been submitted to the Court. Assuming this statement is a "paper,"[2] the failure to submit a sworn or verified copy of the statement also violates Rule 56(e). Moreover, Plaintiff's reliance on this evidence also violates the best evidence rule. *See* Fed. R. Evid. 1001-1004. Plaintiff has not offered any indication, and the Court cannot find on this record that Usher's testimony as to this "recorded statement" would be admissible at trial under any of the exceptions listed in Rule 1004 or in any other manner under the rules. Plaintiff has also not offered any other evidence to demonstrate that the statements made in the insurance applications were misrepresentations. Thus, the Court finds that Plaintiff has not properly supported its motion for summary judgment as to Defendant Paret and denies such motion.

### C. Summary Judgment Against Bank of America

Plaintiff also seeks summary judgment against Bank of America, arguing that Bank of America is a loss payee under the policy and has no rights superior to the named assured. Plaintiff also argues that as the policy is void as to Paret, the policy must also be found to be void as to Bank of America. The applications and the policy schedule list Bank of America as a loss payee.

---

[2] It is unclear from the record whether the statement is a signed paper or an audio recording.

*See* (D.E. Nos. 64-1, 64-2, & 64-3). There is also no indication in the policy that Bank of America was anything other than a simple loss payee. *See* (D.E. No. 1 at 42-56); *see also AGF Marine Aviation & Transport v. Cassin*, 544 F. 3d 255, 265-66 (3d Cir. 2008) (finding that Citi Group/ Sales Financing, Inc. was a simple loss payee in the absence of a provision in the policy stating that the policy would not be invalidated by any act or neglect of the insured); *Wometco Home Theatre, Inc. v. Lumbermens Mut. Cas. Co.*, 468 N.Y.S.2d 625, 626 (N.Y. App. Div. 1983) ("In the absence of a provision that the insurance policy shall not be invalidated by any act or neglect of the insured . . . a 'loss payee' is not itself an insured under the policy; it is merely the designated person to whom the loss is to be paid.").[3] Furthermore, Bank of America has agreed that it was a simple loss payee under the policy and that it is not entitled to any rights superior to the assured. *See* (D.E. No. 105). Thus, the Court grants Plaintiff's motion for summary judgment in that it finds that Bank of America is a simple loss payee under the policy and that it has no rights superior to the assured. The Court, however, denies the motion in all other respects as the Court did not grant summary judgment with regard to Plaintiff's argument that the policy is void due to misrepresentations made in the applications.

### III. Failure to Comply with the Court's Previous Orders

The remaining parties in this action have also failed to comply with the Court's previous Order on Default Judgment Procedure. *See* (D.E. No. 104). This Order required both Plaintiff and Bank of America, as crossclaimant, to file motions for default final judgment as to their

---

[3] As there is no well established federal admiralty principal governing this issue, the Court applies New York law pursuant to the choice of law provision in the policy. *See AGF Marine Aviation & Transport v. Cassin*, 544 F. 3d 255, 265-66 n. 9 (3d Cir. 2008); *see also* (D.E. No. 1 at 56).

claims against Defendant Paret. *Id*. The Order also stated that if the Plaintiff or Crossclaimant failed to file such motions, their claims against Defendant Paret would immediately be dismissed without prejudice. *Id*. at 2. As Plaintiff and Crossclaimant have failed to file their motions for default final judgment as required, their claims against Defendant Paret shall be dismissed without prejudice. The Court's Order on Default Final Judgment also required Paret to file his Notice of Intent to Proceed Pro Se or to have new counsel file a Notice of Appearance and cautioned that if he continued to fail to comply with the Court's previous orders and did not file a Notice of Intent to Proceed Pro Se or have new counsel file a Notice of Appearance, his counterclaim against Plaintiff would be dismissed without prejudice. *Id*. Paret has also failed to comply with the Court's order, and his counterclaim shall be dismissed without prejudice. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Summary Judgment (D.E. No. 63) is **GRANTED in part** and **DENIED in part**. The motion is granted in that the Court finds that there are no genuine issues of material fact that Bank of America is a simple loss payee who has no rights superior to the assured. A final judgment shall be entered separately as to this issue. The motion is denied in all other respects.

2. Plaintiff's claims against Defendant Wilfredo Paret are **DISMISSED without prejudice**.

3. Crossclaimant Bank of America's claims against Wilfredo Paret are **DISMISSED without prejudice**.

    4.    Defedant Wilfredo Paret's counterclaim against Plaintiff is **DISMISSED without prejudice**.[4]

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of October, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record
Wilfredo Paret

---

[4] Plaintiff's claim against Defendant Bank of America remains pending as does Defendant Bank of America's counterclaim against Plaintiff. If the parties have reached a settlement as to these claims, they should immediately inform the Court and submit their joint stipulation of dismissal at least three days before calendar call. *See* (D.E. No. 40 at 6). This case remains on the November 5, 2009 calendar call, and all deadlines remain in full force and effect. At this time, a Joint Pretrial Stipulation is past due, and the Court shall separately issue an order to show cause.